UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TYRONE DENNIS GORDON,

                Petitioner,

      v.

MERRICK B. GARLAND, *in his official capacity as Attorney General, U.S. Department of Justice, et al*.,

                Respondents.

_____

**DECISION AND ORDER**

6:21-CV-06569 EAW

## INTRODUCTION

Petitioner Tyrone Dennis Gordon ("Petitioner"), a civil immigration detainee currently held at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York, seeks a *writ of habeas corpus* pursuant to 28 U.S.C. § 2241. (Dkt. 1). Petitioner contends that his ongoing detention without an adequate process for review violates his right to procedural due process and asks that the Court "[i]ssue a conditional writ of habeas corpus requiring Respondents to provide Petitioner with a constitutionally adequate, individualized hearing before an impartial adjudicator at which Respondents bear the burden of establishing by clear and convincing evidence that the Petitioner is a danger to the community or a flight risk [and] that no alternatives to detention could reasonably secure his future compliance with the orders of immigration officials[.]" (*Id*. at 18). For the reasons that follow, the Court grants the petition to the extent set forth in this Decision and Order.

- 1 -

**BACKGROUND**

Petitioner is a native and citizen of Jamaica who was admitted to the United States on or about November 24, 2008, as a lawful permanent resident.  (Dkt. 4-1 at ¶ 5).

Petitioner was subsequently convicted of multiple crimes, including attempted petit larceny, resisting arrest, criminal sale of a controlled substance (heroin) in the third degree, criminal possession of a controlled substance (heroin) in the third degree, criminal sale of a controlled substance (cocaine) in the third degree, and criminal possession of a controlled substance (cocaine) in the third degree.  (*Id*. at ¶¶ 7-16).  On May 22, 2018, Petitioner was sentenced to concurrent terms of 30 months of imprisonment followed by two years of parole on two drug convictions and to concurrent terms of 24 months of imprisonment on four other drug convictions.  (*Id*. at ¶ 17).  All six sentences were imposed to run concurrently to one another.  (*Id*.).

On March 27, 2019, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") placing Petitioner into removal proceedings.  (*Id*. at ¶ 20).  The NTA charged Petitioner as being removable pursuant to several provisions of the Immigration and Nationality Act (the "INA").  (*Id*.).  While still in New York State custody, Petitioner had his first appearance before an immigration judge ("IJ") on September 11, 2019.  (*Id*. at ¶ 23).  The matter was adjourned to allow Petitioner time to retain counsel.  (*Id*.).

Petitioner appeared with counsel before an IJ on October 9, 2019.  (*Id*. at ¶ 24).  The matter was adjourned to allow for attorney preparation.  (*Id*.).  Petitioner appeared again before the IJ on December 13, 2019, and the matter was rescheduled to February 18, 2020.  (*Id*. at ¶ 25).  On February 18, 2020, the matter was rescheduled for a continuation of

pleadings.  (*Id*. at ¶ 27).  The matter was subsequently rescheduled to July 21, 2020.  (*Id*. at ¶ 28).

On July 15, 2020, Petitioner was released from New York State custody and taken into DHS custody.  (*Id*. at ¶ 19).  On August 5, 2020, he appeared before an IJ and the matter was rescheduled to August 27, 2020.  (*Id*. at ¶ 30).  Petitioner appeared before an IJ for a hearing on August 31, 2020, and he and his mother both gave testimony.  (*Id*. at ¶ 31).  Additional testimony was taken on October 1, 2020, and the IJ subsequently ordered Petitioner removed to Jamaica and denied his claims for asylum, withholding of removal, and protection under the Convention Against Torture.  (*Id*. at ¶ 32).

On  November  10,  2020,  Petitioner  was  returned  to  New  York  State  custody pending resolution of a motion challenging his criminal convictions.  (*Id*. at ¶¶ 19, 33).

Petitioner appealed the IJ's order of removal.  (*Id*. at ¶ 34).  He sought and received an extension from December 28, 2020, to January 19, 2021, to file his brief with the Board of Immigration Appeals ("BIA").  (*Id*. at ¶¶ 34-35).  On April 19, 2021, the BIA issued a decision remanding the matter back to the IJ for further proceedings and entry of a new decision.  (*Id*. at ¶ 36).  Because he was in state custody, Petitioner did not appear at hearings before the IJ on April 28, 2021, or May 12, 2021.  (*Id*. at ¶¶ 37-38).

Petitioner was returned to DHS custody on July 8, 2021.  (*Id*. at ¶ 19).  On July 11, 2021, he was issued a notice of custody determination advising that he would be detained as a threat to public safety.  (*Id*. at ¶ 40).

On July 26, 2021, the IJ again ordered Petitioner removed to Jamaica and denied his applications for asylum, withholding of removal, and relief under the Convention Against

Torture.  (*Id*. at ¶ 41).  Petitioner again appealed to the BIA.  (*Id*. at ¶ 42).  Petitioner

requested and received an extension from October 1, 2021, to October 22, 2021, to file his

brief on appeal.  (*Id*. at ¶ 42).

Petitioner filed the instant habeas corpus petition on September 3, 2021.  (Dkt. 1).

Respondents filed their answer and return on October 29, 2021.  (Dkt. 4).  Petitioner filed

his reply on November 11, 2021.  (Dkt. 5).

On March 8, 2022, the BIA granted Petitioner's second appeal and remanded the

matter to the IJ for further proceedings.  (Dkt. 6-1).

## DISCUSSION

### I.       Jurisdiction and Legal Standard

The federal habeas corpus statute gives district courts jurisdiction to hear

immigration-related detention cases.  *See* 28 U.S.C. § 2241(c)(3); *Demore v. Kim*, 538 U.S.

510, 517-18 (2003) (holding federal courts have jurisdiction to review challenges to pre-

removal detention); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (holding "§ 2241 habeas

corpus proceedings remain available as a forum for statutory and constitutional challenges

to post-removal-period detention" in immigration cases).  District courts do not have

jurisdiction over challenges to the legality of final orders of deportation, exclusion, and

removal; jurisdiction to review such challenges rests exclusively in circuit courts.  *See*

*Gittens v. Menifee*, 428 F.3d 382, 384 (2d Cir. 2005) ("[The REAL ID Act, 119 Stat. 231,

§ 106(a) (May 11, 2005)] eliminates habeas jurisdiction over final orders of deportation,

exclusion, and removal, providing instead for petitions of review . . . which circuit courts

alone can consider.").

"When a petitioner brings a habeas petition pursuant to § 2241, the petitioner 'bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence.'" *Dzhabrailov v. Decker*, No. 20-CV-3118 (PMH), 2020 WL 2731966, at *3 (S.D.N.Y. May 26, 2020) (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)); *see Cruz v. Decker*, No. 18-CV-9948 (GBD) (OTW), 2019 WL 7572975, at *3 (S.D.N.Y. Aug. 27, 2019) ("To obtain [ ] relief [under § 2241], the petitioner must show violation of his rights by a preponderance of the evidence." (citing *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997))), *report and recommendation adopted*, 2019 WL 6318627 (S.D.N.Y. Nov. 26, 2019).

## II.     Named Respondents

The government contends that Jeffrey Searls, Officer-in-Charge of the BFDF, is the only respondent with immediate custody over Petitioner, and consequently the only proper respondent. (Dkt. 4-3 at 9). The Court agrees with the government and dismisses all respondents except for Jeffrey Searls from the instant action. *See Rodriguez v. Barr*, No. 6:18-cv-06757-MAT, 2019 WL 2192516, at *3 n.3 (W.D.N.Y. May 21, 2019) ("Searls is the only proper respondent in this § 2241 proceeding as he is the person with direct control over Petitioner's detention." (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]")));  *Hassoun v. Sessions*, No. 18-CV-586-FPG, 2019 WL 78984, at *7 (W.D.N.Y. Jan. 2, 2019) ("The

majority view in the Second Circuit requires the 'immediate custodian,' generally the prison warden, to be named as a respondent in 'core' immigration habeas proceedings— *i.e.*, those challenging present physical confinement." (quotation omitted)); *see also S.N.C. v. Sessions*, 325 F. Supp. 3d 401, 407 (S.D.N.Y. 2018) ("If, on the other hand, the petition challenges a broader form of legal, non-physical custody, then the proper respondent is the person with legal authority to effect that custody.").

III.     **Procedural Due Process Claim**

The parties agree that Petitioner is detained pursuant to 8 U.S.C. § 1226(c).  (*See* Dkt. 1 at ¶ 3; Dkt. 4-3 at 8).  Petitioner argues that his continued detention is a violation of his right to procedural due process.  (Dkt. 1 at ¶ 60).  The Court agrees, for the reasons set forth below, and accordingly orders the government to provide Petitioner with a bond hearing at which: (1) the government must demonstrate dangerousness or flight risk by clear and convincing evidence; and (2) the IJ must consider non-bond alternatives to detention or, if setting a bond, ability to pay.  The Court denies Petitioner's request for immediate release from custody.  (Dkt. 1 at ¶ 5).

As the Second Circuit has held, unreasonably prolonged immigration detention without appropriate procedural protections may constitute a due process violation.  *Velasco Lopez v. Decker*, 978 F.3d 842, 846 (2d Cir. 2020).  For the reasons previously articulated, *see, e.g.*, *Constant v. Barr*, 409 F. Supp. 3d 159, 167-68 (W.D.N.Y. 2019), this Court agrees with the overwhelming majority of courts in this Circuit that the multi-factor approach articulated by the court in *Sajous v. Decker*, No. 18-CV-2447 (AJN), 2018 WL 2357266, at *1 (S.D.N.Y. May 23, 2018), and other courts within this Circuit, is a useful tool for

addressing procedural due process claims for aliens—like Petitioner—who are detained

pursuant to § 1226(c).  Those non-exclusive factors are as follows:

> (1) the length of time the petitioner has been detained; (2) the party
> responsible for the delay; (3) whether the petitioner has asserted defenses to
> removal; (4) whether the detention will exceed the time the petitioner spent
> in prison for the crime that made him removable; (5) whether the detention
> facility is meaningfully different from a penal institution for criminal
> detention; (6) the nature of the crimes committed by the petitioner; and (7)
> whether the petitioner's detention is near conclusion.

*Cabral v. Decker*, 331 F. Supp. 3d 255, 261.

As to the first factor, it is undisputed that Petitioner was in DHS custody from July

15, 2020, through November 10, 2020, and has again been in DHS custody since July 8,

2021, through the present.  Further, Respondent concedes that although Petitioner was in

state custody from November 2020 to July 2021, "but for these removal proceedings,

Petitioner would not have been in custody while litigating his NYS CPL §440.10 motion,"

and such time should accordingly be taken into account in assessing this factor.  (Dkt. 4-3

at 13).  Petitioner's removal proceedings have thus resulted in almost two years of custody

at this point.  On these facts, "[t]he first and 'most important' . . . factor weighs heavily in

favor of granting the petition."  *Bermudez Paiz v. Decker*, No. 18-CV-4759 (GHW)

(BCM), 2018 WL 6928794, at *13 (S.D.N.Y. Dec. 27, 2018) (citation omitted).  "[C]ourts

in this Circuit have generally been skeptical of prolonged detention of removable

immigrants, without process, lasting over six months," *Lett v. Decker*, 346 F. Supp. 3d 379,

387 (S.D.N.Y. 2018) (quoting *Lopez v. Sessions*, No. 18 Civ. 4189 (RWS), 2018 WL

2932726, at *14 (S.D.N.Y. June 12, 2018)), and "courts have found detention shorter than

a year to be unreasonably prolonged as part of procedural due process analysis," *Rosado*

*Valerio v. Barr*, No. 19-CV-519, 2019 WL 3017412, at *4 (W.D.N.Y. July 10, 2019) (collecting cases).

Respondent contends that the second factor in the analysis—which party is responsible for the delay—undercuts a finding of an unreasonable length of detention in Petitioner's case because "he has extended his detention by requesting and/or for his benefit receiving multiple adjournments to the proceedings in immigration court." (Dkt. 4-3 at 15). For procedural due process claims, when "considering whether [Petitioner] or the Government is responsible for the prolonged proceedings, the Court may examine the record to determine whether the alien sought repeated or unnecessary continuances, or filed frivolous claims and appeals." *Vallejo v. Decker*, No. 18-CV-5649, 2018 WL 3738947, at *4 (S.D.N.Y. Aug. 7, 2018) (quotation omitted)); *see Sajous*, 2018 WL 2357266, at *11 ("[A]liens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would not otherwise get under the statute." (quoting *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 476 (3d Cir. 2015))). "[C]ourts should keep in mind that 'aliens should not be punished for pursuing avenues of relief and appeals[,]' but evidence of bad faith delays may cut against them." *Hernandez v. Decker*, No. 18-CV-5026 (ALC), 2018 WL 3579108, at *7 (S.D.N.Y. July 25, 2018) (quotation omitted).

Here, the record demonstrates that Petitioner requested several continuances during his removal proceedings. However, the record does not show that Petitioner was engaging in bad faith delay tactics. To the contrary, Petitioner's requests for continuances were made to allow him adequate time to obtain counsel, for counsel to prepare, and for submission

of Petitioner's ultimately successful appeals to the BIA. As such, it would not be appropriate to penalize Petitioner for requesting these adjournments. *See, e.g.*, *Vallejo*, 2018 WL 3738947, at *4; *Hernandez*, 2018 WL 3579108, at *7; *Sajous*, 2018 WL 2357266, at *11. Further, Petitioner's pursuit of his appeals was clearly not frivolous, inasmuch as the BIA found in his favor twice. *See Hechavarria*, 891 F.3d at 56 n.6 (noting the Supreme Court has given weight to a petitioner's decision to pursue review of a removal order in the "context only of an immigrant who has 'substantially prolonged his stay by abusing the processes provided to him,' *Nken v. Holder*, 556 U.S. 418, 436 (2009)—not of an immigrant who simply made use of the statutorily permitted appeals process"). This factor accordingly favors Petitioner.

As for the third factor, Respondent concedes that "this factor arguably weighs in Petitioner's favor." (Dkt. 4-3 at 17). Indeed, in light of the BIA having twice remanded to the IJ for further proceedings, it is clear that Petitioner's defenses to removal are not frivolous.

As to the fourth factor, Respondent argues that Petitioner was sentenced to 30 months of incarceration for his crimes, which is longer than his current custody. (Dkt. 4-3 at 17-18). However, it appears that Petitioner was only actually incarcerated from May of 2018 to July of 2020, or for approximately 26 months. (*See* Dkt. 4-1 at ¶¶ 17-19). Petitioner's current custody has lasted for close to two years and, as discussed below, is unlikely to terminate in the near future. Accordingly, this factor is at best neutral.

The fifth factor—whether the detention facility is meaningfully different from a penal institution for criminal detention—is also at best neutral. As this Court has noted in

past cases, while the BFDF provides detainees with amenities not normally available in a prison setting, it is ultimately a detention facility that severely curtails the liberties of the individuals detained therein. *See, e.g., Mycoo v. Warden of Batavia Fed. Det. Facility*, No. 6:20-CV-06405 EAW, 2020 WL 5800920, at \*7 (W.D.N.Y. Sept. 29, 2020).

The sixth factor, the nature of the crime(s) Petitioner was convicted of, weighs in favor of Respondent. Petitioner has multiple drug trafficking convictions involving heroin and cocaine, which are crimes that pose a significant danger to society.

The final factor, whether Petitioner's detention is near conclusion, weighs in Petitioner's favor. The BIA ruled in Petitioner's favor on his second appeal earlier this year and the matter has been returned to the IJ. It is a reasonable conclusion that Petitioner will pursue an appeal should the IJ again order his removal, which would likely take several months to resolve.

On balance, and considering all the circumstances, the Court finds that Petitioner's continued detention without a procedurally proper bond hearing is constitutionally unjustified. *See Arce-Ipanaque v. Decker*, No. 19-CV-1076 (JMF), 2019 WL 2136727, at \*2 (S.D.N.Y. May 15, 2019) ("At bottom, the minimal burden that a bond hearing would place on the Government is far outweighed by [the petitioner]'s interest in ensuring that his continued detention is justified." (quotation and original alteration omitted)).

The Court further finds, for reasons it has articulated at length in previous cases, that due process requires that Petitioner receive a bond hearing where the government must demonstrate dangerousness or flight risk by clear and convincing evidence, where the IJ considers whether less-restrictive alternatives to detention could mitigate that risk, and

where the IJ considers ability to pay and alternative conditions of release in setting bond. *See Velasco Lopez*, 978 F.3d at 856-57; *Mycoo*, 2020 WL 5800920, at \*7-8; *Abdi v. Nielsen*, 287 F. Supp. 3d 327, 335-39 (W.D.N.Y. 2018); *see also Hernandez v. Sessions*, 872 F.3d 976, 991 & n.4 (9th Cir. 2017) ("A bond determination that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests."); *Arce-Ipanaque*, 2019 WL 2136727, at \*3 (collecting cases).

The Court rejects Petitioner's request that this Court order his immediate release. "[D]istrict courts rightly favor conditional grants [of habeas corpus relief], which give the executive branch the opportunity to cure its constitutional errors and which appropriately recognize comity among the co-equal branches." *Hechavarria*, 358 F. Supp. 3d at 234-35 (quotations and original alterations omitted). The IJ is the appropriate individual to assess in the first instance, consistent with the procedures set forth above, whether release is warranted and what conditions are appropriate.

## CONCLUSION

For the foregoing reasons, the Court: (1) grants the petition (Dkt. 1) to the extent that the Court orders the government to afford Petitioner an individualized bond hearing consistent with the procedures outlined in this Decision and Order within 21 days of its entry; (2) denies the petition without prejudice in all other respects, including Petitioner's request for immediate release; and (3) dismisses all respondents except Jeffrey Searls, Officer-in-Charge of the BFDF, from the matter.

If Petitioner requests a continuance that results in a bond hearing date outside the

21-day deadline set forth above, such a continuance will be in compliance with the instant

Decision and Order, as long as the new date falls within a reasonable time period.

Respondent is directed to file a status update with the Court within three (3) days of the

date of a decision concerning Petitioner's bond hearing regarding the outcome of the

hearing.  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  July 6, 2022
        Rochester, New